**Jon TRIGG and Marie Trigg, Appellants,**

v.

**CITY OF NOME, Appellee.**

**No. S–6954.**

Supreme Court of Alaska.

Dec. 20, 1996.

Tim Jannott, Stepovich, Kennelly & Stepovich, P.C., Anchorage, for Appellants.

Krista S. Stearns, Hicks, Boyd, Chandler & Falconer, Anchorage, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

*OPINION*

FABE, Justice.

## I. *INTRODUCTION*

This appeal arises out of a snow machine accident that occurred near Nome. Jon and Marie Trigg were injured when their snow machines collided with a fuel pipeline crossing the Snake River at Nome. The Triggs sued the City of Nome for their injuries. The superior court granted summary judgment in favor of the City, ruling that AS 09.65.070(d)(1) confers immunity from liability to municipalities for failure to warn of hazards on land that the municipality does not own or lease. We affirm.

## II. *FACTS AND PROCEEDINGS*

On February 18, 1992, Jon and Marie Trigg were driving snow machines on the Snake River at Nome. At approximately 11:00 p.m., the Triggs collided with a pipeline extending across the Snake River and suffered serious physical injuries. The pipeline is owned by the Air Force and was not marked by lights or reflectors at the time of the accident.

The Triggs sued the City in the fall of 1992, claiming that the City was liable for their injuries because it had not warned them of the pipeline with reflectors, lights, or other markings. That action was stayed for approximately one year to allow the Triggs to pursue an administrative claim against the Air Force. When the superior court lifted the stay, the City filed a motion for summary judgment. The superior court, finding that the Triggs had not met their burden of producing evidence that the City owned or leased the pipeline, held that the City was immune from suit under AS

09.65.070(d)(1)(A) and (C) and granted the motion. The Triggs appeal.

## III. DISCUSSION [1]

The relevant portion of AS 09.65.070(d) provides:

An action for damages may not be brought against a municipality or any of its agents, officers, or employees if the claim

(1) is based upon the failure of the municipality, or its agents, officers, or employees, when the municipality is neither owner nor lessee of the property involved,

(A) to inspect the property for a violation of any statute, regulation, or ordinance, or a hazard to health or safety;

(B) to discover a violation of any statute, regulation, or ordinance, or a hazard to health or safety if an inspection of property is made; or

(C) to abate a violation of any statute, regulation, or ordinance, or a hazard to health or safety discovered on property inspected.

The Triggs do not dispute the superior court's finding that they failed to produce evidence that the City owned or leased the pipeline. They contend, however, that this statute provides immunity only for failures to inspect or abate a hazard, not for failure to warn of a hazard. We disagree.

 "Unless words have acquired a peculiar meaning ... they are to be construed in accordance with their common usage." *Wilson v. Municipality of Anchorage,* 669 P.2d 569, 571–72 (Alaska 1983); *accord* AS 01.10.040. "Abate" means "to reduce or lessen in degree or intensity" and "to decrease in force, intensity, or violence." *Webster's*

*Third New International Dictionary* 2 (1966). The placement of reflectors, lights or other warning markers on the pipeline would reduce or abate the hazard that the pipeline poses to snow machiners such as the Triggs. Any failure by the City to warn the Triggs of the pipeline was thus a failure to abate a hazard under AS 09.65.070(d)(1)(C).[2] We therefore AFFIRM the superior court's ruling that the City is immune from liability for the Triggs' injuries.

---

1. We review the superior court's summary judgment order *de novo. Department of Health v. State Hosp.,* 856 P.2d 755, 759–60 (Alaska 1993). We "determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment on the law applicable to the established facts. All reasonable inferences of fact from proffered materials must be drawn against the moving party and in favor of the nonmoving party." *Wright v. State,* 824 P.2d 718, 720 (Alaska 1992) (citations omitted).

2. Because our holding is dispositive of this case, we need not consider the other issues raised by the Triggs.